NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3326

BLANCHE P. BOURM,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: December 7, 2006

_____

Before MICHEL, Chief Judge, LOURIE and PROST, Circuit Judges.

PER CURIAM.

Petitioner Blanche Bourm petitions for review of the final order of the Merit Systems Protection Board ("Board") sustaining the decision of the Department of the Army (the "agency") to remove Ms. Bourm. We affirm.

## BACKGROUND

At the time of her removal, Ms. Bourm was employed as a Food Service Worker at Walter Reed Army Medical Center in Washington, D.C. On August 24, 2005, the agency gave Ms. Bourm a Notice of Proposed Removal charging her with "Wrongful Receipt and Retention of Workers' Compensation Benefits." Specifically, the notice alleged that between approximately April 4, 2003, and July 10, 2004, Ms. Bourm received and retained workers' compensation benefits to which she was not entitled. A union representative, Francine Brown, provided a written response to the charge on

behalf of Ms. Bourm.  The agency issued a decision on the proposal on September 29, 2005, and removed Ms. Bourm from federal service effective October 1, 2005.  The decision letter informed her of her appeal rights.

On October 8, 2005, Ms. Bourm filed an appeal with the Board.  In her February 7, 2006, initial decision, the administrative judge found that the agency proved the charge of "Wrongful Receipt and Retention of Workers' Compensation Benefits." Bourm v. Dep't of the Army, No. DC0752060014-I-1, slip op. at 3-10 (M.S.P.B. Feb. 7, 2006) ("Initial Decision").  The administrative judge held that there was a nexus between Ms. Bourm's misconduct and the efficiency of the service and concluded that the penalty of removal was reasonable.  Id., slip op. at 18-26.  In addition, the administrative judge rejected Ms. Bourm's affirmative defense of harmful procedural error.  Id., slip op. at 10-18.

Ms. Bourm petitioned for full board review of the administrative judge's decision. The Board denied the petition for review, making the administrative judge's initial decision the final decision of the Board.  Bourm v. Dep't of the Army, No. DC0752060014-I-1, slip op. at 2 (M.S.P.B. June 5, 2006).  Ms. Bourm timely petitioned this court for review of the Board's final decision.

DISCUSSION

This court has jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1).  In reviewing the Board's decision, this court

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c) (2006).

In her pro se appeal, Ms. Bourm makes, in essence, four types of arguments: (1) the Board incorrectly determined that the agency proved the charge of "Wrongful Receipt and Retention of Workers' Compensation Benefits," (2) the Board incorrectly determined that the penalty of removal was reasonable, (3) certain of the administrative judge's evidentiary rulings were improper, and (4) the Board erred in rejecting her affirmative defense of harmful procedural error.

A

Ms. Bourm raises several issues with respect to the Board's determination that the agency proved the charge of "Wrongful Receipt and Retention of Workers' Compensation Benefits." The parties do not dispute that Ms. Bourm suffered an on-the-job injury and was subsequently approved for benefits under the Federal Employees' Compensation Act ("FECA") from the Office of Workers' Compensation Programs ("OWCP") of the Department of Labor on October 7, 2002. At first, Ms. Bourm remained off duty while receiving OWCP benefits. On April 4, 2003, however, Ms. Bourm returned to full-time duty, yet she continued to receive OWCP benefits following her return and up until July 10, 2004.

After hearing testimony from a number of witnesses, the administrative judge found that Ms. Bourm had been informed that she was not entitled to receive OWCP benefits upon her return to duty. Initial Decision, slip op. at 10. This finding is supported by substantial evidence. For instance, among the evidence presented was testimony by a FECA case manager at the agency, who stated that he personally

2006-3326                                              3

provided Ms. Bourm with a document informing her that she was required to return any compensation check received for a period during which she had worked. Id., slip op. at 4-5.

Nevertheless, Ms. Bourm makes several arguments implicating the administrative judge's factual finding that Ms. Bourm was notified that she was not entitled to receive OWCP benefits after she returned to work. For example, Ms. Bourm appears to argue that she did not receive certain documents from the Department of Labor because they were sent to the wrong address. She also argues that the administrative judge and the agency improperly concluded that Ms. Bourm's receipt and retention of OWCP benefits after her return to work was not the result of her honest mistake. As discussed above, however, the record contains unrebutted testimony that Ms. Bourm had been personally informed that she was not entitled to receive OWCP benefits after her return to work. Thus, the administrative judge's finding is supported by substantial evidence.

Ms. Bourm also argues that the administrative judge was biased, rendering her unable "to make correct findings of fact and law." But Ms. Bourm has failed to identify any facts to support this allegation and thus fails to establish that the administrative judge's conclusions are unsupported by substantial evidence.

Next, Ms. Bourm argues that the charge of "Wrongful Receipt and Retention of Workers' Compensation Benefits" is actually two charges and that the agency has failed to show "what is either illegal or wrongful about 'retention of benefits.'" We reject this argument. One, not two, charges were at issue, and both the agency and the administrative judge found that Ms. Bourm's "receipt and retention" of workers'

compensation benefits was wrongful because she was on notice that she was not entitled to receive benefits after her return to work.

B

Ms. Bourm also alleges that the agency failed to prove a nexus between the alleged misconduct and the efficiency of the service. Her arguments in this regard, however, are actually directed towards whether the administrative judge properly determined that the agency proved the charge and whether the penalty of removal was reasonable. As discussed above, we affirm the administrative judge's determination that the agency proved the charge of "Wrongful Receipt and Retention of Workers' Compensation Benefits." With respect to whether the penalty of removal was reasonable, Ms. Bourm argues that the administrative judge was precluded from conducting meaningful review of the reasonableness of the penalty because the deciding official, Sergeant Foster, was confused as to the meaning of certain terms on a checklist of the Douglas factors she filled out prior to Ms. Bourm's removal. See Douglas v. Veterans Admin., 5 M.S.P.R. 280 (M.S.P.B 1981). She further argues that the agency and the administrative judge failed to fully consider all of the Douglas factors.

While the administrative judge acknowledged that Sergeant Foster was initially confused as to the meaning of certain terms, Sergeant Foster testified at the hearing and the administrative judge determined that Sergeant Foster had "reviewed each of the Douglas factors extensively and appeared to have evaluated them in a manner consistent with the penalty imposed." Id., slip op. at 19. Furthermore, the administrative judge specifically analyzed the removal penalty in light of the relevant

Douglas factors and concluded that the penalty was within the bounds of reasonableness. Id., slip op. at 19-26. For example, the administrative judge found that while Ms. Bourm's length of service and lack of prior disciplinary problems were strong mitigating factors, they were outweighed by the seriousness of the offense and the undisputed evidence that Ms. Bourm should have known that she could not receive and retain OWCP benefits after she returned to work. Moreover, although there was no charge of "Wrongful Receipt and Retention of Workers' Compensation Benefits" on the agency's table of penalties, both the agency and the administrative judge analogized this offense to the offenses of "Conduct Unbecoming a Federal Employee" and "Stealing," both of which carry a penalty up to and including removal. Thus, there is substantial evidence in support of the administrative judge's conclusion.

C

Next, Ms. Bourm makes a number of arguments related to certain of the administrative judge's evidentiary rulings. Ms. Bourm argues that the administrative judge erred by admitting certain documents into evidence and by allowing the agency's redirect examination of a witness to exceed the scope of the cross-examination. Evidentiary rulings, however, are matters within the administrative judge's discretion and these rulings will not be disturbed by this court absent an abuse of discretion. Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). We see no abuse of discretion in this case.

D

Ms. Bourm next argues that the administrative judge erred in rejecting her affirmative defense of harmful procedural error. She argues that the agency first

committed harmful procedural error when it considered a written response to the charge filed on her behalf by Francine Brown, a union steward. Ms. Bourm asserts that the agency's collective bargaining agreement requires a union representative to be designated "in writing" and that she never made a written designation of Ms. Brown as her representative. Based upon the record, the administrative judge concluded that Ms. Bourm failed to establish that the agency might have reached a different conclusion had the agency not considered the allegedly unauthorized response from the union representative. Id., slip op. at 14. We see no error in this conclusion.

Ms. Bourm also argues that an agency employee violated Ms. Bourm's privacy rights, and but for this violation, Ms. Bourm would have not been removed from service. Candace Shupay is a FECA Program Manager at the agency. Ms. Bourm alleges that Ms. Shupay downloaded a record indicating the amount of the overpayment of benefits to Ms. Bourm from the Department of Labor website and disseminated this information to Sergeant Foster in violation of the Privacy Act of 1974, 5 U.S.C. § 552a. For purposes of this appeal, we need not and do not decide whether the agency violated the Privacy Act. Although Ms. Bourm alleges that she would not have been removed but for an alleged violation of the Privacy Act, she fails to point out why this would be so. Indeed, the record in this case indicates that the Department of Labor independently notified the agency of Ms. Bourm's wrongful receipt of OWCP benefits.

CONCLUSION

We have considered the remainder of Ms. Bourm's arguments and we find them unconvincing. For the foregoing reasons, we affirm the decision of the Board.

No costs.